# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL MAR LAND PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY CONSULTANTS INC.,<br><br>Defendant. | CASE NO: 10-CV-1074W (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 5)** |

On May 18, 2010, Plaintiff Del Mar Land Partners LLC, ("Plaintiff") filed this lawsuit against Defendant Stanley Consultants Inc. ("Defendant"). On June 17, 2010, Defendant moved to dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6). Plaintiff has opposed the requested dismissal.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff is a Nevada Limited Liability Company. Its principal place of business is in Henderson, Nevada. (Doc. No. 1 ¶ 3.) Defendant is a an Iowa corporation. Its principal place of business is in Muscatine, Iowa. (*Id.* at ¶ 4.)

On October 17, 2006, Plaintiff and Defendant entered into a written contract at Defendant's office in Kingsman, Arizona. (*Id.* at ¶ 6.) Defendant contracted to provide civil engineering consulting services related to Plaintiff's property in Mohave County, Arizona ("the Property"). (*Id.* at ¶ 6.)

On January 4, 2007, Plaintiff and Defendant entered into a second contract under which Defendant was to perform additional civil engineering services related to the Property. (*Id.* at ¶ 7.)

On May 18, 2010, Plaintiff filed this lawsuit in the Southern District of California alleging the following: (1) Breach of Contract; (2) Fraud; (3) Unjust Enrichment; (4) Negligence; and (5) Negligent Misrepresentation. (*Id.*) On June 17, 2010, Defendant moved to dismiss Plaintiff's claims for lack of personal jurisdiction, improper venue, and failure to state a claim.

## II. LEGAL STANDARD

### A. Lack of Personal Jurisdiction - Rule 12(b)(2)

Rule 12(b)(2) provides that a court may dismiss a claim for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. Spacey v. Burgar, 207 F.Supp.2d 1037, 1042 (C.D. Cal. 2001); Ballard v Savage, 65 F.3d 1495, 1497 (9th Cir. 1995); Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986); Flynth Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).

When a defendant's motion to dismiss is made as its initial response to a complaint, the plaintiff need only make a prima facie showing that personal jurisdiction exists. <u>Motion, Inc. v. Environmental Tectonics Corporation</u>, 196 F.Supp.2d 1051, 1055 (D. Or. 2001); <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068, 1071 (9th Cir. 2001); <u>Data Disc., Inc. v. Sys. Technology Assoc., Inc.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. <u>See</u> <u>American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996) (citing <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203-04 (5th Cir. 1989)). The allegations contained in the affidavits and pleadings may not be merely conclusory, but rather, must assert particular facts which establish the necessary ties between the defendant and the forum state. <u>H.M. Greenspun v. Del E. Webb Corp.</u>, 634 F.2d 1204, 1208 n.5 (9th Cir. 1980); <u>Jazini v. Nissan Motor Co., Ltd.</u>, 148 F.3d 181, 185 (2d Cir. 1998).

### B. <u>Improper Venue - Rule 12(b)(3)</u>

Rule 12(b)(3) provides that a court may dismiss a claim for improper venue. <u>See</u> FED. R. CIV. P. 12(b)(3). Once venue is challenged, the burden is on the plaintiff to show that venue is properly laid. <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979); <u>Bohara v. Backus Hosp. Medical Benefit Plan,</u> 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); <u>King v. Vesco</u>, 342 F. Supp. 120, 125 (N.D. Cal. 1972). Facts supporting venue may be established through evidence outside of the pleadings, such as affidavits or declarations. <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996).

//

### III. DISCUSSION

Defendant has moved to dismiss Plaintiff's complaint on three grounds: (1) lack of personal jurisdiction; (2) improper venue; and (3) failure to state a claim. The Court will only address the arguments it deemed relevant to the issuance of a disposition.

#### A. Plaintiff Has Not Made a Prima Facie Case That Personal Jurisdiction Exists Over Defendant

As a reminder, the parties are from Nevada and Iowa. The present controversy involves a contract signed in Arizona, relating to services that would be provided in Arizona. The parties also contractually agreed that Nevada law would control this dispute. (Doc. No. 5 at Exh. A, pg. 8.) Despite these allegations, Plaintiff asserts that this Court has jurisdiction over this action by virtue of diversity of citizenship and because the amount in controversy exceeds $75,000. (Doc. No. 1, ¶ 1.) No other mention of jurisdiction is made in the Complaint.

In opposition to the present motion, Plaintiff agrees that Defendant is not subject to specific personal jurisdiction in California. Instead, Plaintiff argues that Defendant is subject to general personal jurisdiction in California. The Court disagrees.

For this Court to impose general personal jurisdiction on a defendant, the defendant must have minimum contacts in California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The minimum contacts requirement serves to protect defendants against the burden of having to litigate in a distant or inconvenient forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The Ninth Circuit has determined this to be an "exacting standard" because a finding of general personal jurisdiction permits a defendant to be "haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004).

In an attempt to make its prima facie showing, Plaintiff has provided language from what is alleged to be Defendant's website. (Doc. No. 8 at 2–3.) The website says that Defendant has completed "engagements in all 50 states." (*Id.*) The website also appears to contain information about services Defendant has provided to California companies. (*Id.*) The excerpts from the website do not, however, indicate that Defendant had "substantial" or "continuous and systematic activities" within California. For example, the Court is unable to determine *when* Defendant performed work in California or if Defendant's services were actually rendered *in* the state of California.

The Court's inability to verify this information is especially damaging in light of the sworn declaration of Defendant's Chief Legal Officer. He states that "Stanley does not own any facilities, have any employees... maintain any bank accounts, books, or records in California..." (*Marquard Decl.* ¶¶ 6–9.) Nor does Defendant "perform professional services that require working in the State of California." (*Id.*)

In sum, the Court finds that Plaintiff has not met its burden to provide admissible evidence that is sufficient to establish the existence of personal jurisdiction. <u>American Tel.</u>, 94 F.3d at 588. As such, the Court believes that the maintenance of this suit would "offend traditional notions of fair play and substantial justice." <u>Int'l Shoe Co.</u>, 326 U.S. at 316.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction, with leave to amend.

### B.     The Court Doubts Plaintiff's Choice of Venue

Alternatively, even if the Court attempted to exercise personal jurisdiction over the Defendant, the Court questions whether Plaintiff's choice of venue is proper.

Plaintiff specifically alleged that venue was appropriate under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." (Doc. No. 1 ¶ 2.) Having thoroughly reviewed the Complaint, the Court is at a loss. Again, the parties contracted in Arizona, utilizing

Nevada law, regarding a project in Arizona.  *None* of the events alleged in this lawsuit took place in the Southern District of California, let alone a 'substantial' portion.

In opposition, Plaintiff ignores the blatant deficiencies of its own pleadings.  Instead, Plaintiff cites a previously unmentioned portion of the venue statute and attempts to argue that venue is proper because there is jurisdiction over Defendant. (Doc. No. 8 at 4; citing 28 U.S.C. § 1391(c).)  The Court is unimpressed.  More importantly, because this Court has already determined that is does not have personal jurisdiction over the Defendant, Section 1391(c) is not applicable.

Because the Court lacks personal jurisdiction over the Defendant, and doubts that the venue is proper, it is not necessary for the Court to address the sufficiency of the claims pled.  It is also unnecessary to discuss transferring this case to either Nevada or Arizona, which the parties have discussed. (compare Doc. No. 5 at 19 with Doc. No. 8 at 6.)

### IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**.  Should the Plaintiff choose to file a First Amended Complaint in this district, as opposed to another district with fewer jurisdiction and venue problems, it must be filed **on or before August 23, 2010.**

DATED:  August 3, 2010

_____
Hon. Thomas J. Whelan
United States District Judge